# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES T. KIMBALL, : | |
| Petitioner : | CIVIL ACTION NO. 3:12-1776 |
| v. : | (KOSIK, D.J.) |
| | (MANNION, M.J.) |
| Warden DELBERT SAUERS, : | |
| Respondent : | |

## REPORT AND RECOMMENDATION[1]

On September 6, 2012, the petitioner, an inmate at the Federal Corrections Complex at Allenwood, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). The petitioner subsequently filed a motion to clarify the court's order and notice of election entered on September 24, 2012, (Doc. No. 8). In addition the petitioner has also filed a request for a hearing on the issues discussed in his motion to clarify, (Doc. No. 9). Ultimately, despite opportunities to recharacterize the petition as a §2255 petition, the petitioner has elected to proceed under §2241 and, upon preliminary consideration, the court recommends that the case be **DISMISSED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

## I. BACKGROUND

On October 19, 2000, the petitioner was sentenced by the United States District Court for the Middle District of Florida to a thirteen-year term of imprisonment on charges related to the illegal distribution of prescription drugs. *See United States v. Kimball*, No. 8:99-CR-00256 (M.D.Fla.). His conviction and sentence were affirmed on appeal. *See United States v. Kimball*, 291 F.3d 276 (11th Cir.2002). On May 13, 2003, the petitioner filed a petition challenging his conviction pursuant to 28 U.S.C. §2255 which was denied. *See Kimball v. USA*, No. 8:03-CV-00909 (M.D.Fla.2003).

In the instant petition, the petitioner alleges that the trial court judge improperly deviated from the sentencing guidelines. (Doc. No. 1). The petitioner also alleges that the judge improperly allowed the prosecutor to bring additional charges without first presenting them to a grand jury. In addition, the petitioner's motion for clarification, (Doc. No. 8), also purports to amend his petition by adding claims that the trial judge improperly refused to appoint counsel to defend the petitioner based on his financial circumstances and that the judge demonstrated bias against him throughout his criminal proceeding. Ultimately, the petitioner alleges this course of conduct by the trial court violated his right to due process.

On September 24, 2012, the court entered an order, (Doc. No. 6), directing the petitioner to complete and file a notice of election indicating whether he wished to proceed with his petition pursuant to 28 U.S.C. §2241

or 28 U.S.C. §2255. On October 4, 2012, the petitioner filed a motion for clarification of the court's order, (Doc. No. 8), in which the petitioner clearly indicates his intent to pursue this action under §2241. The only issues the motion sought to clarify is whether this court has jurisdiction in over the matter. The remainder of the motion is construed as a motion to amend the petition and/or as an amended petition itself. On November 9, 2012, the petitioner filed a request for a hearing on the jurisdiction of this court, (Doc. No. 9).

**II.   DISCUSSION**

The petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing §2255 cases, as made applicable to §2241 cases by Rule 1 thereof. See 28 U.S.C. foll. §2255.

An application for a writ of habeas corpus on behalf of a prisoner, who is authorized to apply for relief by a motion pursuant to §2255, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention.

To be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, *i.e.*, that the remedy by a §2255 motion is inadequate or ineffective

3

to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante,* 437 F.2d 1164, 1165-66 (3d Cir. 1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker,* 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 684 (3d Cir.1954)(even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam)(*quoting United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.; Cagle v. Ciccone,* 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *See Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *See In re*

*Vial,* 115 F.3d 1192 (4th Cir.1997)(stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). In addition, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 539 (3d Cir.2002).

Moreover, the "safety valve" provided under §2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil,* 119 F.3d at 245, 251 (3d Cir. 1997).

If a petitioner improperly challenges his federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. *See Application of Galante,* 437 F.2d 1164, 1165 (3d Cir.1971); *Hill v. Williamson,* 223 Fed. Appx. 179, 180 (3d Cir. 2007).

Here, the petitioner has indicated to the court that he wishes to proceed pursuant to §2241. (Doc. No. 8). Nevertheless, the petitioner is attacking the conduct of his criminal trial, which must be brought pursuant to §2255. In

5

particular, the petitioner directly challenges his trial by claiming that the judge was biased against him and improperly deviated from sentencing guidelines as well as improper conduct by the prosecutor. As discussed above, though the petitioner may be individually barred by virtue of his prior §2255 petition, the proper remedy for these claims exists under §2255. As such, the petitioner cannot proceed pursuant to §2241 because he has not satisfied the safety-valve condition by demonstrating that no adequate or effective remedy exists.

To the extent the petitioner argues that new case law demands the reexamination of his sentence under §2241, the court disagrees. The petitioner has not established that the conduct for which he was convicted is no longer criminal as required by *Dorsainvil*. Instead, he argues that he is entitled to utilize the safety valve of §2255 because the charges were improperly brought against him. However, the reach of the safety valve has not been extended to prisoners who challenge only their sentences. *See* [Levan v. Sneizek, 325 Fed.Appx. 55, 57 (3d Cir.2009)](#) ("[Petitioner] does not contend that his conduct is no longer criminal; he argues only that he is innocent of his sentence in light of Booker.²) As such, the court recommends that the §2241 petition be dismissed for lack of jurisdiction.

---

² [*United States v. Booker*, 542 U.S. 220 (2005)](#)

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

**(1)** The petitioner's motion to clarify, (Doc. No. 8), be **GRANTED** to the extent that it requests a ruling on the court's jurisdiction to hear this case and be **DENIED** in all other respects;

**(2)** The petitioner's request for a hearing, (Doc. No. 9), be **DENIED**;

**(3)** The Clerk of the Court be directed to close the case;

**(4)** The petition for writ of habeas corpus pursuant to 42 U.S.C. §2241, (Doc. No. 1), be **DISMISSED**.

*Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**Date: December 4, 2012**

O:\shared\REPORTS\2012 Reports\12-1776-01.wpd