FILED
SCRANTON
JAN 2 2 2013
PER _____
DEPUTY _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES T. KIMBALL,

    Petitioner,

v.

WARDEN DELBERT SAUERS,

    Respondent.

Civil Action No. 3:12-CV-1776

(Judge Kosik)

## MEMORANDUM

    Petitioner, James T. Kimball, an inmate currently confined at the Federal Corrections Complex at Allenwood, Pennsylvania, filed *pro se*, this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner subsequently filed a motion to clarify the Court's order and notice of election entered on September 24, 2012. (Doc. 8). Petitioner additionally filed a Request for Hearing on the issues discussed in his motion to clarify. (Doc. 9). Petitioner challenges various issues arising out of his trial and thirteen-year prison term based on charges related to the illegal distribution of prescription drugs. (Doc. 1, 8); *See United States v. Kimball,* No. 8:99-CR-00256 (M.D. Fla.). The trial and sentence proceedings were conducted by the United States District Court for the Middle District of Florida. Despite opportunities to re-characterize his habeas petition as a petition pursuant to 28 U.S.C. § 2255, Petitioner has elected to pursue his petition pursuant to 28 U.S.C. § 2241.

    On December 4, 2012, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("R&R") recommending that Petitioner's motion to clarify be granted to the extent that it requests a ruling on the Court's jurisdiction to hear this case, but that it be denied in all other respects, that Petitioner's request for a hearing be denied, and that the Petition for Writ of Habeas Corpus be dismissed. Petitioner filed Objections to the R&R. (Doc. 11). For the reasons that follow, we will adopt the R&R of the Magistrate Judge, grant the motion to clarify to the extent that it requests a ruling on the Court's jurisdiction and deny in all other aspects, deny the request for a hearing, and dismiss the petition for lack of jurisdiction.

**Background**

On October 19, 2000, Petitioner was sentenced by the United States District Court for the Middle District of Florida to a thirteen-year term of imprisonment on charges related to the illegal distribution of prescription drugs. *See United States v. Kimball,* No. 8:99-CR-00256 (M.D. Fla.). His conviction and sentence were affirmed on appeal. *See United States v. Kimball,* 291 F.3d 726 (11th Cir. 2002). On May 13, 2003, Petitioner filed a habeas corpus petition challenging his conviction pursuant to 28 U.S.C. § 2255 which was denied. *See Kimball v. USA,* No. 8:03-cv-00909 (M.D. Fla. 2003).

In the instant petition for habeas corpus, Petitioner alleges that during the trial, he was refused a court appointed attorney and was forced to proceed *pro se*, that the prosecutor was allowed to bring new charges without an indictment, that the judge improperly deviated from the sentencing guidelines, and that there was impropriety and bias on the part of the judge and prosecutor. (Doc. 1; Doc. 8). Ultimately, Petitioner's allegations concern violations of his constitutional rights based on the course of conduct throughout the criminal proceedings by the trial court and prosecutors. (*Id.*).

On September 24, 2012, the Magistrate Judge issued an Order directing the Petitioner to complete and file a Notice of Election indicating whether he wished to proceed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. (Doc. 6). On October 4, 2012, Petitioner filed a document entitled "Motion to Clarify." (Doc. 8). In the Motion to clarify, Petitioner plainly indicates that he wishes to pursue this action pursuant to § 2241. (*Id.*). The rest of the motion reads as an addendum or amendment to the petition. (*Id.*). On November 9, 2012, Petitioner also filed a request for a hearing. (Doc. 9).

The Magistrate Judge issued his R&R on December 4, 2012, recommending that Petitioner's motion to clarify be granted to the extent that Petitioner requests a ruling on the Court's jurisdiction to hear this case and be denied in all other respects, that Petitioner's request for a hearing be denied, and that the Petition for Writ of Habeas Corpus be dismissed.

2

(Doc. 10). On December 18, 2012, Petitioner filed his objection to the R&R entitled "Appeal to Honorable Edwin M. Kosik of Magistrate Judge Malachy E. Mannion's Report and Recommendation." (Doc. 11).

## Standard of Review

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks*, 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Court.[1] 28 U.S.C. § 2254. A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120

---

[1] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that rules may be applied in § 2241 actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, *e.g., Health v. Bell*, 448 F.Supp. 416, 417 (M.D. Pa. 1977); *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa. 2009), and there is no sound reason not to apply Rule 4 in this case.

3

(3d Cir. 2002) (*citing Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Cradle,* 290 F.3d at 538 (*citing Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motions "does not make § 2255 inadequate or ineffective."); *Brown v. Mendez,* 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

In *Cradle v. United States,* the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255. *Cradle,* 290 F.3d at 538-39. Rather, the Court in *Cradle* held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. *Id.*

As stated in *In re Dorsainvil,* the availability of the § 2241 remedy to challenge a federal conviction is extremely limited. *In re Dorsainvil,* 119 F.3d 245, 250 (3d Cir. 1997). A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown,* 167 F. Supp. 2d at 726-27.

Application of the above principles compels the conclusion that Petitioner cannot raise his claims in the instant § 2241 petition. Petitioner's current claim challenges the legality of his conviction and sentence, therefore, it is in the purview of a motion under § 2255. The § 2241 Petition will be dismissed for lack of jurisdiction because Petitioner has failed to

demonstrate that habeas relief under § 2255 would be ineffective or inadequate.

Petitioner's argument that the Supreme Court's decision in *Southern Union Company v. United States,* 132 S. Ct. 2344 (2012), invalidates his sentence because the Court lacked constitutional authority is not persuasive. In *Southern Union Company*, the Supreme Court found that when the trial court makes factual findings during sentencing that increase both the potential and actual fine imposed the trial court violates the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt). (*Id.*). Petitioner's use of these cases in his objections only further show that this habeas corpus petition is concerned with the legality of his sentence, and should be handled by a petition pursuant to § 2255, not § 2241.

Petitioner's claims do not fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief would be available. As previously stated, the dismissal of Petitioner's previous § 2255 motion and his general unhappiness with the way his case was handled in the Middle District of Florida and the Circuit Court of Appeals for the Eleventh Circuit does not make the § 2255 remedy inadequate or ineffective. Accordingly, his Petition of Writ of Habeas Corpus will be dismissed.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES T. KIMBALL,

    Petitioner,

v.

WARDEN DELBERT SAUERS,

    Respondent.

Civil Action No. 3:12-CV-1776

(Judge Kosik)

## ORDER

AND NOW, this 22nd day of January, 2013, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 10) is ADOPTED;

2. Petitioner's objections to the Report and Recommendation (Doc. 11) are OVERRULED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED for lack of jurisdiction;

4. Petitioner's Motion to Clarify (Doc. 8) is GRANTED to the extent that it requests a ruling on the Court's jurisdiction to hear this case and DENIED in all other respects;

5. Petitioner's Request for a Hearing (Doc. 9) is DENIED;

6. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

7. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge